UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-00158-SEB-TAB-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MICHAEL SUBLETT | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ DENIED WITHOUT PREJUDICE.

☒ DENIED. On May 16, 2019, after a guilty plea, the Court sentenced Mr. Sublett to 144 months' imprisonment for conspiring to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846, and one count of distributing heroin, in violation of 21 U.S.C. §§ 841 (a)(1) and 2. Dkt. 377. The Court also imposed three years of supervised release. *Id.*

Mr. Sublett has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 584. In his motion, Mr. Sublett argues that because his co-defendant successfully challenged a sentencing enhancement that they both received on direct appeal, Mr. Sublett's sentence should also be considered to have been incorrectly enhanced. Because he has already served an amount of time within his adjusted guidelines range without the enhancement (63 to 78 months), Mr. Sublett argues that he is entitled to immediate release. Mr. Sublett is

1

also seeking compassionate release in order to care for his mother, who is suffering from stage 4 kidney failure. Finally, Mr. Sublett argues that he has substantially rehabilitated himself while in prison. The Court concludes that it does not require a response from the United States to resolve the issues raised by Mr. Sublett's motion.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Sublett's argument that his sentence was improper because an enhancement was incorrectly applied is barred by Seventh Circuit precedent. Rather than "circumvent the normal process for challenging potential sentencing errors," a defendant must raise any challenge to his original sentence in a direct appeal or collaterally through 28 U.S.C. § 2255, not by way of a compassionate-release motion." *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021); *United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022); *see also United States v. Sanford*, No. 22-2416, 2022 WL 17176481, at *1 (7th Cir. Nov. 23, 2022).

Mr. Sublett's argument that the desire to care for his mother is an extraordinary and compelling reason to grant him compassionate release is also unavailing, whether considered alone or together with any other reason. Mr. Sublett submitted medical records for his mother indicating that she is suffering from stage 4 kidney disease. Dkt. 584-2. He also submitted a declaration from his mother wherein she states that she is "unable to care for [herself] due to [her] kidney failure and cannot afford to hire additional care." Dkt. 584-3. Mr. Sublett's mother does not provide any further information regarding the type of care she needs or the limitations her disease is causing. Even if the Court were to assume that his mother needs care, and there are no other available caregivers, however, the Court would not exercise its discretion to find this to be an extraordinary and compelling reason for granting Mr. Sublett compassionate release. Many inmates have aging and sick parents and family members whom they might like to support. The desire to care for an elderly or ill parent, however, is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Trice*, No. 1:13-cr-222-TWP-DML-1, Dkt. 114 at 5 (S.D. Ind. Aug. 4, 2020) (collecting cases about defendants requesting compassionate release to care for elderly or ill parent); *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").[1]

---

[1] As pointed out by Mr. Sublett, the United States Sentencing Commission recently approved amendments to the Sentencing Guidelines, Policy Statements and Official Commentary. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last accessed May 1, 2023). These amendments include the addition of "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent," as an extraordinary and compelling reason for compassionate release. The Court nevertheless declines to exercise its discretion to find that Mr. Sublett's desire to care for his mother qualifies as extraordinary and compelling. First, the amendments are not effective until November 1, 2023 (and will only be effective on that date if Congress does not act to disapprove them). Second, Mr. Sublett has not submitted evidence to show that his mother is incapacitated.

That leaves Mr. Sublett with one potentially extraordinary and compelling reason for a sentence reduction—his rehabilitation. While the strides Mr. Sublett has made in prison are admirable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme… rehabilitation cannot serve as a stand-alone reason for compassionate release") (cleaned up); *see also* 28 U.S.C. § 994(t). The Court does not find that Mr. Sublett's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant him compassionate release.

In sum, the Court does not find that any of the arguments made by Mr. Sublett establish extraordinary and compelling reasons to release him, whether considered alone or in conjunction with any other reason. Given this determination, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

Accordingly, Defendant's motion for compassionate release, dkt. [584], is **denied**.

**IT IS SO ORDERED.**

Dated: 05/16/2023

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel